MHN

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES J. ORLOWSKI,<br><br>    Plaintiff,<br><br>v.<br><br>NEAL ERIKSEN, in his<br>individual capacity,<br><br>    Defendant. | Case No. 07 C 4015<br><br>Magistrate Judge<br>Arlander Keys |

**MEMORANDUM OPINION AND ORDER**

Plaintiff James J. Orlowski (Orlowski) was arrested after officers from the Village of Lombard Police Department responded to a domestic disturbance call at his home; he was charged with both aggravated and domestic battery. Mr. Orlowski subsequently brought suit against Defendant Neil Eriksen (Eriksen), one of the police officers present, alleging violations of his Fourth Amendment rights, pursuant to 42 U.S.C. § 1983, and malicious prosecution. The Court's task today is simply to decide the parties' motions in limine.

**Factual Background**

On October 4, 2005, Plaintiff and his girlfriend, Susan Moore (Moore), had an argument which prompted Ms. Moore to telephone 911. Responding to the emergency call were three officers from the Village of Lombard Police Department – James Brown (Brown), Defendant Eriksen, and Joseph Statkus (Statkus).

The officers spoke with Ms. Moore regarding the events that had transpired, and, according to Plaintiff, encouraged her to fabricate actions that Plaintiff had taken, so that the officers would have grounds to arrest him. After hearing Ms. Moore reply that he had not done anything unlawful, Mr. Orlowski, while attempting to stand from the love seat on which he was seated, questioned the officers regarding their instruction to Ms. Moore. He alleges that at that time, Defendant "struck [him] across the bridge of his nose, cutting his face and knocking him to the floor." After asking why he was hit, Mr. Orlowski was told by Officer Eriksen that he was under arrest for having struck a police officer.

While laying on the floor, Plaintiff responded that he had not struck anyone; Officer Eriksen then picked him up and threw him onto the love seat. At that point, Officers Brown and Statkus, having been in the kitchen with Ms. Moore, came into the living room to assist Defendant. Mr. Orlowski contends that the officers then threw him onto the floor and while on his back, handcuffed him. Ms. Moore was told to get Plaintiff a pair of shoes; while she was in the process of doing so, the police officers escorted Mr. Orlowski from his home, to the Village of Lombard police station. He was subsequently charged with aggravated and domestic battery. Following a bench trial, Plaintiff was found not guilty of both charges.

Plaintiff alleges that he was arrested without probable cause and that Defendant used unreasonable and excessive force during the arrest. Consequently, he seeks both compensatory and punitive damages in an amount to be determined by the jury; reasonable attorney's fees, pursuant to 42 U.S.C. § 1983; his costs, pursuant to Federal Rule of Civil Procedure 54; and any other relief that is just and proper.

## Standard of Review

District courts have the power to exclude evidence in limine as part of their inherent authority to manage trials. *See Pease v. Production Workers of Chicago and Vicinity Local 707*, No. 02 C 6756, 2003 U.S. Dist. LEXIS 14751, at *8 (N.D. Ill. Aug. 22, 2003)(citing *Farley v. Miller Fluid Power Corp.*, No. 94 C 2273, 1997 U.S. Dist. LEXIS 19006 (N.D. Ill. Nov. 20, 1997); *Luce v. United States*, 469 U.S. 38, 41 n.4, 83 L. Ed. 2d 443, 105 S. Ct. 460 (1984)). However, motions in limine should be granted only if the evidence is clearly not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). It should be noted that "[d]enial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Farley*, 1997 U.S. Dist. LEXIS 19006 at *2-3. Rather,

> [d]enial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded. The court will entertain

objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine.

*Id.* at 3 (citing *Hawthorne Partners*, 831 F. Supp. at 1400-01).

Here, each side has filed various motions in limine. The Court will consider each motion in turn.

**I. Plaintiff's Motions in Limine**

   **A. *Motion to Bar Evidence of Plaintiff's Alleged Alcoholism***

Plaintiff's motion in limine seeks to bar evidence of his alleged alcoholism. Specifically, he argues that, while his state of sobriety on the date in question is relevant, whether he formerly abused or currently misuses alcohol is irrelevant to the issues raised in the pending litigation. At the very least, Plaintiff argues that the probative value of this testimony is substantially outweighed by the danger of unfair prejudice. On the contrary, Defendant contends that Plaintiff's supposed alcoholism goes to the issue of damages. Indeed, because Mr. Orlowski seeks compensation for "bodily injury, mental distress, [and] pain and suffering," Defendant argues, "[t]he [j]ury is entitled to examine whether the Plaintiff has been impacted by any other events or issues that may have caused the alleged bodily injury, mental distress, pain and suffering, either before the alleged incident or after." The Court agrees.

Federal Rule of Evidence 402 provides that all evidence, with limited exception, is admissible; evidence that is not

relevant is inadmissible. *Id.* Further, relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. However, though evidence may be relevant, it may still be excluded if, *inter alia*, its "probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403.

Plaintiff's argument regarding the irrelevancy of Mr. Orlowski's alleged alcoholism is without merit. Though Plaintiff is correct that only his state of sobriety on the date of his arrest is directly tied to his claims of arrest without probable cause, unreasonable use of force, and malicious prosecution, he fails to consider the relevancy of his purported alcoholism to his damages claims. To be sure, central to Plaintiff's claims for damages is that, as a result of the incidents that occurred on October 4, 4005, he suffered "loss of sleep, nightmares, loss of appetite, social withdrawal, and weight loss as a result of his mental anguish, including anxiety." Should Defendant be found liable, it will then become necessary for the jury to determine which, if any, of these injuries were proximately caused by Defendant's wrongful conduct. In order for the jury to do so, it must be informed of other potential causes of Plaintiff's injuries.

Nor is there danger that the probative value of the evidence is substantially outweighed by any prejudicial effect that it may have. Indeed, Plaintiff concedes that his state of sobriety on the date of his arrest, is relevant to the litigation. Evidence of Mr. Orlowski's alcohol use, at least on the day at issue, therefore, will already be before the jury. Therefore, any chance that the jury will be prejudiced, let alone substantially prejudiced, is diminished. Consequently, Plaintiff's Motion *In Limine* to Bar Evidence of Alleged Alcoholism on the Part of the Plaintiff is denied.

### B. *Motion to Preclude Expert Testimony from Dr. Bruce Rottschaffer*

Plaintiff's motion in limine seeks to prohibit Defendant from eliciting expert testimony from Dr. Bruce Rottschaffer (Rottschaffer). Because Dr. Rottschaffer was not disclosed as an expert witness, Plaintiff argues that the physician should not be allowed to provide expert testimony. The Defendant does not challenge this motion. The Court agrees with Plaintiff.

Federal Rule of Civil Procedure 26(a)(2) states that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Where "a party fails to . . . identify a witness as required by Rule 26(a) . . . the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is

harmless." Fed. R. Civ. P. 37(c)(1).

The Court agrees with Plaintiff's contention that his former clinical psychologist should be barred from testifying as an expert, as he was not properly disclosed. Indeed, the Seventh Circuit has held that "even treating physicians . . . must be designated as experts if they are to provide expert testimony." *Musser v. Gentiva Health Servs.*, 356 F.3d 751 (7th Cir. 2004). Though Defendant disclosed Dr. Rottschaffer as a fact witness, he failed to identify him as an expert witness, and there was no justification provided for said failure. Further, the Court finds that the error is not harmless as

> there are countermeasures that could have been taken that are not applicable to fact witnesses, such as attempting to disqualify the expert testimony on grounds set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 125 L. Ed. 2d 469, 113 S. Ct. 2786 (1993), retaining rebuttal experts, and holding additional depositions to retrieve the information not available because of the absence of a report.

*Musser*, 356 F.3d at 757-58.

Defendant does not contest this motion. Instead, it states that "Dr. Rottschaffer is being offered as a fact witness as to his treatment and opinions of Plaintiff." The Court's granting of this motion in limine does not preclude the doctor from testifying in any capacity. Though Dr. Rottschaffer is forbidden from testifying as an expert, he was identified as a fact witness and will be allowed to testify as such. Specifically, he is permitted to testify as to "the scope of treatment, observation,

and diagnosis." *Krischel v. Hennessy*, 533 F.Supp. 2d 790, 795 (N.D. Ill. 2008). "[O]pinions on causation, prognosis or the future impact of the injury," is prohibited. *Id*. Plaintiff's Motion *In Limine* to Preclude the Defense from Eliciting Expert Testimony from Dr. Bruce Rottschaffer, is therefore, granted.

### C. *Motion to Bar Evidence of Plaintiff's Decommissioning and the Basis for Said Decommissioning*

Plaintiff seeks to bar evidence of his decommissioning as a Villa Park police officer. He contends that neither the fact that he was decommissioned, nor the basis for said decommissioning is relevant to the instant litigation. If it is found to be relevant, Plaintiff asserts, its probative value is substantially outweighed by the danger of unfair prejudice. Conversely, Defendant maintains that it intends to introduce the decommissioning and bases for such if Plaintiff attempts to use his police service to "bolster his character to the Jury." As this is a permissible use of the testimony, the Court denies Plaintiff's motion.

Generally, if a party opens the door to a particular line of inquiry by making certain statements in its case-in-chief, the opposing party may be allowed to offer rebuttal evidence to contradict the statements. *See, e.g. United States v. Jacoby*, 955 F.2d 1527, 1540 (11th Cir. 1992)(where defendant testified

8

during direct examination about an article, he "opened the door" to cross-examination about the article to refute his testimony under direct). Indeed, the "proper function of rebuttal evidence is 'to contradict, impeach or defuse the impact of the evidence offered by an adverse party.'" *United States v. Grintjes*, 237 F.3d 876, 879 (7th Cir. 2001)(citing *United States v. Papia*, 560 F.2d 827, 848 (7th Cir. 1997).

Plaintiff's arguments that the decommissioning and basis for such is irrelevant, is misplaced. To the extent that he places his "good police service" at issue, he may open the door to evidence by Defendant to discredit his claims. This evidence may potentially include the fact that Defendant was decommissioned and the reasons behind the action. As a result, the Court denies Plaintiff's Motion *In Limine* to Bar Evidence as to the Fact that Plaintiff, a Former Police Officer, Was Decommissioned as a Police Officer, and as to the Basis for Said Decommissioning.

### D. *Motion to Bar Evidence Regarding Plaintiff's Psychological Treatment and Diagnosis by Dr. Rottschaffer*

Plaintiff asks the Court to prohibit Defendant from introducing evidence relating to his psychological treatment by Dr. Rottschaffer and his diagnosis of post-traumatic stress disorder. Not only is it irrelevant and prejudicial, Plaintiff maintains, it is also impermissible, as Dr. Rottschaffer is unable to provide expert testimony to establish that the post-

9

traumatic stress disorder caused Plaintiff to experience sleepless nights and emotional suffering. Defendant, on the other hand, "seeks to admit any and all evidence related to prior psychological and emotional issues experienced by the Plaintiff prior to the 2005 incident." It is Defendant's position that this information is relevant to the determination of damages, as it provides evidence of Plaintiff's "emotional and psychological 'baseline.'" The Court agrees.

This motion is similar to Plaintiff's motion which seeks to bar evidence of his purported alcoholism. Indeed, as with his alleged alcoholism, evidence of Mr. Orlowski's psychological treatment and diagnosis of post-traumatic stress disorder, is relevant to the issue of damages and is therefore, admissible. Further, the Court is not convinced by Plaintiff's argument that expert testimony demonstrating causation is needed in order that the evidence be admitted. Though, as discussed *supra*, Dr. Rottschaffer is prohibited from testifying regarding, "opinions on causation, prognosis or the future impact of the injury," he certainly may testify regarding "the scope of treatment, observation, and diagnosis." See *Krischel*, 533 F.Supp. 2d at 795. Thus, Plaintiff's Motion *In Limine* to Bar Evidence Relating to Plaintiff's Psychological Treatment by Dr. Rottschaffer, and Relating to Dr. Rottschaffer's Diagnosis of the Plaintiff as Having Post-Traumatic Stress Disorder, is denied.

10

### E. *Motion to Bar Evidence Relating to Other Domestic Disturbance Occurrences*

Plaintiff argues that evidence relating to other instances in which police officers were called to his home, should be excluded. Defendant maintains that the evidence is both relevant and admissible. The Court agrees.

Federal Rule of Evidence 608(b) states that

> [s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Plaintiff's arguments that the evidence is inadmissible, is misplaced. Indeed, the parties' trial submissions indicate that Ms. Moore will be called as a witness to support Plaintiff's version of the events that transpired. As such, Rule 608 permits Defendant to introduce the other domestic calls and the instances where she called the police but subsequently refused to testify against Plaintiff or press charges. This is certainly probative of her truthfulness or untruthfulness. Accordingly, the Court denies Plaintiff's Motion *In Limine* to Bar Evidence Relating to Incidents, Other than the One Giving Rise to this Case, in Which the Police Were Called to the Residence of the Plaintiff and Susan Moore in

11

Relation to Domestic Matters.

**II. Defendant's Motions in Limine**

### A. *Motion to Admit Evidence of Psychological and Emotional Conditions*

The arguments set forth in this motion are similar to those presented in Plaintiff's motion that seeks to bar testimony relating to his psychological treatment and post-traumatic stress diagnosis and his motion to bar evidence of his decommissioning. Consequently, the arguments will not be presented again here. For the reasons discussed *supra*, Defendant's Motion in Limine to Admit Evidence of Prior Psychological and Emotional Conditions is granted.

### B. *Motion to Exclude Evidence of Criminal Verdict*

Defendant's motion in limine seeks to exclude evidence of the not guilty verdict in Plaintiff's underlying criminal trial on the ground that the verdict is irrelevant. Conversely, Plaintiff argues that the verdict is relevant. Indeed, he asserts that evidence of the verdict is relevant to his claims of false arrest under 42 U.S.C. § 1983 and malicious prosecution. The Court agrees.

The Court is not persuaded by Defendant's argument that evidence of the not guilty verdict is irrelevant to this litigation. To be sure, in order to succeed on a claim of malicious prosecution, Plaintiff must demonstrate that the prior

proceeding was terminated in his favor. *Rooding v. Peters*, 92 F.3d 578 (7th Cir. 1996). As a result, the disposition of the state criminal court proceeding is directly relevant to the case at bar. Further, "[a] plaintiff who establishes liability for deprivations of constitutional rights actionable under 42 U.S.C. § 1983 is entitled to recover compensatory damages for all injuries suffered as a consequence of those deprivations." *Borunda v. Richmond*, 885 F.2d 1384, 1389 (9th Cir. 1988). The victim of said deprivation is entitled to, *inter alia*, compensation for economic harm, including expenditures for legal representation during the underlying criminal proceeding. *Id*. Consequently, the degree of relevance of the verdict is further evidenced by the fact that Plaintiff seeks attorney's fees for the representation during the state court proceeding. The Court further notes that any risk of unfair prejudice can be adequately addressed by providing the jury with a limiting instruction that is agreed upon by the parties. Accordingly, Defendant's Motion to Exclude Evidence of Criminal Verdict is denied.

### C. *Motion to Exclude Punitive Damages*

Defendant seeks to exclude any mention of punitive damages as Plaintiff has failed to allege that his actions were "maliciously or wantonly or oppressively done." Not surprisingly, Plaintiff argues that sufficient evidence has been alleged such that a jury may reasonably decide to award punitive

damages. The Court agrees.

"Punitive damages are appropriate when the defendant acted wantonly and willfully, or was motivated in his actions by ill will or a desire to injure." *Hagge v. Bauer*, 827 F.2d 101, 110 (7th Cir. 1987)(citing *Tolliver v. Amici*, 800 F.2d 149, 151 (7th Cir. 1986); *Hamilton v. Svatik*, 779 F.2d 383, 389 (7th Cir. 1985)).

Based upon the facts alleged, it is entirely possible that a jury would find an award of punitive damages appropriate. Indeed, Plaintiff alleges that Defendant struck him for no apparent reason. It follows that a jury could find that in doing so, Defendant intended to injure Plaintiff. Further, it is entirely plausible that the jury would find, if proven, that Defendant's fabrication of events was done "wantonly and willfully." Consequently, Defendant's Motion In Limine to Exclude Argument of Punitive Damages is denied.

C. *Motion to Allow Evidence of Plaintiff's Habitual Responses and Bias of Susan Moore*

This motion is similar to Plaintiff's motion to bar evidence regarding other incidents. As such, the Court has already addressed the arguments as they relate to Ms. Moore, and will not do so again here. Additionally, Defendant maintains that evidence of prior domestic disturbance calls are admissible because they show that Plaintiff habitually acted with anger and physical violence in dispute situations after he had consumed

alcohol. Plaintiff challenges the motion on the ground that the evidence is irrelevant, and thus, inadmissible. While the Court agrees that the evidence is not admissible for the purposes articulated by Defendant, the Court does not bar the production of said evidence.

Indeed, Plaintiff seeks to admit the evidence on the grounds that the incidents demonstrate Mr. Orlowski's character. However, with the other incidents, there is no evidence that Plaintiff became violent with police officers, though alcohol was involved and police officers were at his home responding to a domestic disturbance call. Therefore, the evidence fails to demonstrate that Plaintiff has a violent character towards police officers. Nor is it relevant to whether Mr. Orlowksi physically abused Ms. Moore on the date in question, as the issue turns on whether the officers had probable cause to arrest Defendant. Indeed, Plaintiff asserts that Ms. Moore told the officers that he had not done anything wrong.

The Court also notes that Defendant was not aware of Plaintiff and Ms. Moore, nor any prior incidents, at the time that he responded to the call. Further, the Court is not persuaded by Defendant's argument that Plaintiff's conduct is habitual. Indeed, Defendant asserts that police were called to Plaintiff's home five times in approximately three-and-a-half years. Considering that Plaintiff is alleged to be an alcoholic

and abuser, these five incidents hardly constitute a habit of any kind. Though the Court denies the proffered use of the evidence as it relates to Defendant, it declines to completely bar evidence of the incidents.

D.  *Motion to Bifurcate Trial*

Defendant maintains that failing to bifurcate the trial, pursuant to Federal Rule of Civil Procedure 42(b), will result in substantial likelihood that he will be prejudiced. Additionally, he argues that bifurcation is a superior alternative, as it will promote judicial economy and not prejudice Plaintiff. Plaintiff argues just the opposite. Specifically, he contends that bifurcating the trial will result in an extended trial and will unfairly prejudice him. The Court agrees.

Federal Rule of Civil Procedure 42(b) allows the Court, in its discretion, to bifurcate a trial for "convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." The decision rests within the sound discretion of the court, and it must make the decision on a case-by-case basis. *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000). The Court may bifurcate a trial if it "1) serves the interests of judicial economy or is done to prevent prejudice to a party; 2) does not unfairly prejudice the non-moving party; and 3) does not violate the Seventh Amendment." *Id*. The trial will not be bifurcated if it will "result in unnecessary delay,

additional expense, or some other form of prejudice." *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 620 (N.D. Ill. 2000). Because bifurcation introduces the potential for additional delay, it remains the exception rather than the rule. *Pfizer, Inc. v. Novopharm, Ltd.*, 57 U.S.P.Q. 2d 1442, 1443 (N.D. Ill. 2000). The party seeking bifurcation bears "the burden of demonstrating that judicial economy would be served and that no party would be prejudiced by separate trials, based on the circumstances of the individual case." *Real*, 195 F.R.D. at 620.

Defendant maintains that the Court should separate the trial into two phases: one dealing with Plaintiff's excessive force and false arrest claims, and if necessary, one dealing with the claim of malicious prosecution. Though Defendant contends that bifurcation is necessary to prevent prejudice, the Court finds that a limiting instruction agreed upon by both parties will sufficiently protect Defendant from any potential prejudice. Nor is there strong justification for bifurcation from the judicial economy perspective. To be sure, Defendant's argument that evidence regarding the malicious prosecution claim will only be presented in the event that the jury fails to find probable cause, is misplaced. As the Court discussed *supra*, the attorney's fees expended in defending the malicious prosecution claim are allowed under 42 U.S.C. § 1983. Therefore, at a minimum, information regarding damages arising from the alleged

malicious prosecution would need to be presented during Defendant's proposed first phase. As a result, the Court cannot say that bifurcation would result in a shorter trial and thus, conserve judicial resources. Defendant also failed to meet his burden of showing that Plaintiff would not be unfairly prejudiced by the bifurcation. Therefore, Defendant's Motion in Limine to Bifurcate Trial Pursuant to Rule 42(b) is denied.

E. *Motion to Exclude Evidence of Lost Wages*

Defendant asks the Court to exclude all testimony of Plaintiff's lost wages or, in the alternative, prohibit the introduction of evidence beyond Plaintiff's initial 90-day suspension or the conclusion of Plaintiff's criminal trial, as it is irrelevant and prejudicial. Plaintiff counters that the evidence is highly relevant to the claims alleged and thus, admissible. The Court agrees.

The Court is not persuaded by Defendant's argument that evidence of Plaintiff's lost wages is irrelevant. Indeed, as previously discussed in the Court's opinion, 42 U.S.C. § 1983 specifically provides for the award of said damages. Whether the wages resulted from a proximate or intervening cause and whether Plaintiff mitigated his damages, are both determinations to be made by the jury. Nor is evidence past the 90-day suspension to be excluded. Indeed, representatives from Plaintiff's employer testified that Plaintiff would not be allowed to "continue

employment until he was cleared or whatever [of] the charges." While it was possible that he would have been "cleared" within 90 days, the potential that he would not have been was also present. Indeed, he was not; the trial lasted eleven months. The Court also agrees with Plaintiff that what was a reasonable period of time for Plaintiff's reinstatement following his suspension is not appropriately decided by the Court, but by the jury. Accordingly, Defendant's Motion in Limine to Exclude Evidence of Lost Wages is denied.

## Conclusion

For the reasons set forth above, Plaintiff's and Defendant's motions in limine are granted in part and denied in part.

Date: July 31, 2009     E N T E R E D:

_____
MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT