

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES J. ORLOWSKI, )
)
Plaintiff, )
) Case No. 07 C 4015
)
v. ) Magistrate Judge
) Arlander Keys
)
NEAL ERIKSEN, in his )
individual capacity, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Mr. Orlowski filed a three-count Amended Complaint alleging false arrest and excessive force, pursuant to 42 U.S.C. § 1983, and a state law malicious prosecution claim. On August 3, 2009, the case proceeded to trial. At the close of Plaintiff's case, Defendant moved for judgment as a matter of law on the claim of malicious prosecution. The Court granted the motion, leaving for the jury the issues of false arrest and excessive force. The jury retired to deliberate at the conclusion of the trial; during the course of deliberations, it sought clarification and submitted a question to the Court. After discussing the nature of the inquiry with both parties, the Court proposed a supplemental instruction that was later provided to the jury. On August 7, 2009, after a five-day trial, the jury returned a verdict in favor of Defendant and against Plaintiff on the claim of false arrest. Additionally, it found in favor of Plaintiff on

the excessive force claim. The jurors, however, chose to award damages in the amount of zero dollars. The Court subsequently entered judgment on the verdict.

On August 20, 2009, Plaintiff submitted a motion for a new trial pursuant to Federal Rule of Civil Procedure 59(a). Shortly thereafter, Defendant, pursuant to Rules 50(a) and 59(e), filed a motion to alter the jury's verdict. For the reasons set forth below, both Plaintiff's and Defendant's motions are denied.

## Factual Background

Though the Court provided a succinct description of the procedural posture *supra*, it presumes familiarity with the factual background of the case as well as some of the less pertinent case proceedings. Consequently, they will not be outlined here. Instead, the Court moves directly to address the legal issues presented by the pending motion.

## Standard of Review

Federal Rules of Civil Procedure 50(a), 59(a), and 59(e) provide instruction for evaluation of the parties' motions.

### A. Judgment as a Matter of Law - Federal Rule of Civil Procedure 50(a)

Rule 50(a) allows a court to render judgment as a matter of law when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on

that issue." Fed. R. Civ. P. 50(a). The standard for granting judgment as a matter of law "mirrors" that for the granting of summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51, 106 S. Ct 2505, 91 L. Ed. 2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). Consequently, a court must consider the record in its entirety and view the evidence in the light most favorable to the party against whom judgment was granted. *Massey v. Blue Cross-Blue Shield of Ill.*, 226 F.3d 922, 924 (7th Cir. 2000)(citing *Sheehan v. Donlen Corp.*, 173 F.3d 1039, 1043 (7th Cir. 1999); *Cygnar v. City of Chicago*, 865 F.2d 827, 834 (7th Cir. 1989); *Tice v. Lampert Yards, Inc.*, 761 F.2d 1210, 1213 (7th Cir. 1985)). However, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves*, 530 U.S. at 150 (quoting *Anderson*, 477 U.S. at 255). In other words, a court will overturn a jury's verdict only if no reasonable jury could have found in favor of the prevailing party. *Erickson v. Wis. Dep't of Corr.*, 469 F.3d 600, 601 (7th Cir. 2006)(citing *Millbrook v. IBP, Inc.*, 280 F.3d 1169, 1173 (7th Cir. 2002)). "This is obviously a difficult standard to meet." *Waite v. Bd. of Trs. of Ill. Cmty. Coll. Dist. No. 508*, 408 F.3d 339, 343 (7th

Cir. 2005).

**B. New Trial - Federal Rule of Civil Procedure 59(a)**

"Rule 59(a), in a bit of a circular way, allows new trials in cases where new trials have been traditionally allowed at law." *ABM Marking, Inc. v. Zanasi Fratelli, S.R.L.*, 353 F.3d 541, 543 (7th Cir. 2003). Though the Rule offers little clarity as to the exact standards that a court should apply, it is clear that a new trial should be granted if the jury's verdict was "against the clear weight of the evidence or the trial was unfair to the moving party." *David v. Caterpillar, Inc.*, 324 F.3d 851, 863 (7th Cir. 2003)(citing *Miksis v. Howard*, 106 F.3d 754, 757 (7th Cir. 1997)). Further, "the authority to grant a new trial . . . is confided almost entirely to the exercise of discretion on the part of the trial court." *Gen. Foam Fabricators, Inc. v. Tenneco Chemicals, Inc.*, 695 F.2d 281, 288 (7th Cir. 1982)(quoting *Allied Chem. Corp. v. Daiflon*, 449 U.S. 33, 36, 101 S. Ct. 188, 66 L. Ed. 2d 193 (1980)). In exercising this discretion, a court will accord the verdict great deference and "will not set aside a jury verdict if a reasonable basis exists in the record to support the verdict." *Kapelanski v. Johnson*, 390 F.3d 525, 530 (7th Cir. 2004)(citing *Carter v. Moore*, 165 F.3d 1071, 1079 (7th Cir. 1998)). Consistent with Rule 50(a), a court, in evaluating a motion for a new trial, must review the evidence in the light most favorable to the prevailing party,

4

leaving issues of credibility and weight within the purview of the jury. *Id.* (citing *Carter*, 165 F.3d at 1079).

### C. Motion to Alter or Amend a Judgment - Federal Rule of Civil Procedure 59(e)

Rule 59(e) allows a party, within ten days of the entry of judgment, to file a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). To be successful, the moving party must either present newly discovered evidence or establish a manifest error of law or fact. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)(citing *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). A Rule 59(e) motion is not the appropriate vehicle by which to rectify procedural errors or present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Id.* (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). "The [R]ule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell*, 51 F.3d at 749 (citing *Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986)). The decision to grant a Rule 59(e) motion is left to the sound judgment of the district court. *LB Credit Corp.*, 49 F.3d at 1267.

### Discussion

The Court must determine whether issues raised in

Plaintiff's Rule 59(a) motion entitle him to a new trial. However, the evaluation does not end there. Indeed, Defendant requests that the Court, pursuant to Rules 50(a) and 59(e), alter the jury's verdict that he is liable for the use of excessive force. Each argument will be addressed in turn.

I. **Plaintiff's Motion for New Trial**

Plaintiff essentially raises three arguments in his motion: that the Court improperly granted Defendant's motion for judgment as a matter of law, that the supplemental instruction is not a correct statement of the relevant law, and that certain evidence is irrelevant and was thus, incorrectly admitted.

   A. *Judgment as a Matter of Law*

Plaintiff maintains that the Court erred by granting Defendant's motion for judgment as a matter of law on the issue of malicious prosecution.

In order to prevail on a claim of malicious prosecution under Illinois law, the plaintiff must show: "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Johnson v. Saville*, 575 F.3d 656, 659 (7th Cir. 2009)(quoting *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996)). "The absence of any one of these

6

elements bars a plaintiff from pursuing the claim." *Id.* (quoting *Swick*, 662 N.E.2d at 1242). In the case at bar, only one element is in dispute. Specifically, the parties challenge whether Defendant commenced or continued criminal proceedings against Plaintiff for aggravated battery.

Defendant argues that there was no evidence presented during the trial that he either initiated or pursued proceedings against Plaintiff for aggravated battery. Indeed, he steadfastly maintains that he played no part whatsoever in the prosecution. Rather, he states that testimony established that Officer James Brown filed the criminal charges and subsequently followed-up on them. Plaintiff concedes that Officer Brown brought the aggravated battery charges; he did so because the incident occurred on his beat and he was therefore, responsible for initiating any criminal charges. However, Plaintiff asserts that charges would not have been brought against him if Defendant had not "knowingly lied to Brown by falsely stating that [he] had pushed [Defendant] when [he], in fact, had not pushed Ericksen." This false statement caused Officer Brown to swear out a complaint charging Plaintiff with aggravated battery. Therefore, Plaintiff maintains, Defendant is the cause of the commencement of the criminal proceedings.

In making his argument, Plaintiff relies on *Logan v. Caterpillar* for the proposition that "legal causation of

commencement of a criminal proceeding will be attributed to a defendant if [he] knowingly gave false statements to the police." 246 F.3d 912, 924 (7th Cir. 2001). His reliance, however, is misplaced. The *Logan* defendants, unlike the Defendant in the case at bar, were private citizens. *Id.* at 916-19. Indeed, though Plaintiff cites a rule of law provided by the *Logan* court, he provides only part of it. The part omitted renders the rule inapplicable to the facts of this case. To be sure, the *Logan* court explicitly limited application of the rule to *private citizens*. *Id.* at 922 ("Legal causation will be attributed to a *private citizen* only if the plaintiff can demonstrate that the defendant . . . knowingly made false statements to the police.")(emphasis added). However, it is uncontroverted that during the incident, Defendant was acting not as a private citizen but as a police officer. Consequently, the rule articulated in *Smith v. Augustine* provides instruction. No. 07 C 81, 2009 WL 481639 (N.D. Ill. Feb. 25, 2009).

In *Smith*, after a train was involved in an accident with a car, the train's conductor refused to allow police officers and emergency personnel to board the train. *Id.* at *1-4. As a result, the conductor was arrested and later criminally charged. *Id.* at *2-3. She subsequently filed suit against the police officers alleging, *inter alia*, malicious prosecution. *Id.* at *1. At issue in the parties' cross motions for summary judgment was,

as in the instant case, whether the individual officers commenced the criminal proceedings against the plaintiff. *Id.* at *9. In evaluating the motions, the *Smith* court held that pursuant to Illinois law, "[a] defendant is considered to have commenced criminal proceedings if he initiated a criminal proceedings [sic] or his participation was of so active and positive a character as to amount to advice and cooperation." *Id.* at *10 (quoting *Fabiano v. City of Palos Hills*, 784 N.E.2d 258, 270 (Ill. App. Ct. 2002)). "Liability for malicious prosecution," the court asserted, "extends to police officers 'who played a significant role in causing the prosecution of plaintiff.'" *Id.* at *9 (quoting *McCall-Bey v. Kirner*, 233 F.Supp.2d 1009, 1017 (N.D. Ill. 2002)). To prove this, "plaintiff must show that the officers used improper influence on the prosecutor or made knowing misstatements to the prosecutor in order to secure prosecution." *Id.* (citing *McCall-Bey*, 233 F.Supp.2d at 1017). Finding that the lieutenant filed the charges, rather than the individual police officers, and also finding no evidence of the officers' personal involvement in the actual prosecution, the court in *Smith* granted the officers' motions for summary judgment on the claim of malicious prosecution. *Id.* at *10-11.

Plaintiff attempts to distinguish *Smith* on the ground that the report of the lieutenant (who filed the charges against the plaintiff) was substantiated by multiple witnesses. However,

9

this, in and of itself, was not dispositive. Indeed, the court held,

> It is undisputed that [the lieutenant] made the decision to file a criminal complaint against Plaintiff, and at no time prior to the filing of charges did [the lieutenant] speak with any of the Individual Defendants about his decision. Although [the lieutenant] interviewed [one police officer Defendant] in connection with his internal investigation, there is no evidence that the Individual Defendants had any contact whatsoever with the . . . State's Attorney's Office in connection with Plaintiff's criminal case. Nor is there evidence that any of the Individual Defendants used improper influence on, or made misstatements to, any prosecutor in order to secure the prosecution of Plaintiff.

*Id.* at *10.

Contrary to Defendant's assertion, the *Smith* court specifically mentioned the contribution of one officer to the investigation, the substance of which the plaintiff presumably alleged was false, yet failed to dispose of the motion in the plaintiff's favor. And despite the plaintiff's allegations that multiple police officers provided false information in connection with her arrest, the court granted summary judgment in favor of the police officers because they simply were not involved in the plaintiff's prosecution.

Similarly, Plaintiff Orlowski has offered no evidence, either by way of facts set out in his Amended Complaint or during trial, that supports his claim that Defendant caused him to be prosecuted. It is undisputed that Officer Brown filed the criminal complaint against Plaintiff. Further, there was no

10

evidence presented that Officer Brown spoke with Defendant prior to bringing the criminal charge. Nor was there any indication that Defendant had any contact with the prosecutor, improper or otherwise. Because an essential element of a cause of action for malicious prosecution is missing, the Court properly granted judgment as a matter of law on this claim. Plaintiff's request for a new trial on this ground is, therefore, denied.

### B.     *Supplemental Jury Instruction*

Plaintiff next contends that the supplemental instruction provided by the Court "told the jury only part of the story." Consequently, he maintains that he is entitled to a new trial.

A court "retains broad discretion in deciding how to respond to a question propounded from the jury." *United States v. Sims*, 329 F.3d 937, 943 (7th Cir. 2003). Indeed, "[w]hen a jury makes explicit its difficulties, a trial judge should clear them away with concrete accuracy." *Bollenbach v. United States*, 326 U.S. 607, 612-13, 66 S. Ct. 402, 90 L. Ed. 350 (1946). Therefore, a court will affirm the jury's decision if "the jury instructions fairly and accurately summarize[d] the law and [had] support in the record." *United States v. Aldaco*, 201 F.3d 979, 989 (7th Cir. 2000). The Seventh Circuit has affirmed instructions that fairly and adequately treated the issue, correctly stated the law, and specifically answered the jury's question. *United States v. Graham*, 431 F.3d 585, 589 (7th Cir. 2005)(quoting

*United States v. Sims*, 329 F.3d 937, 943 (7th Cir. 2003)).

Initially, the Court instructed the jury that "Plaintiff must prove by a preponderance of the evidence that Defendant used unreasonable force against him." On the second day of deliberations, the jury sent a note asking the Court to "Please clarify excessive force - is this claim only to Eriksen or in it's entire claim regarding Orlowski?" Upon receipt of the question, the Court discussed with both parties the nature of the jury's inquiry and the wording of an appropriate response. The jury was subsequently advised that, "Neil Eriksen is the only defendant in this case. The excessive force allegation is only against Neil Eriksen. Neil Eriksen is not legally responsible for any actions taken by any other individuals in this case."

Plaintiff argues that the supplemental instruction was in error because it, in essence, failed to provide the jury with the initial sentence of 7th Circuit Pattern Instruction 7.02. Specifically, Plaintiff challenges the supplemental instruction on the ground that it did not instruct the jury that "Plaintiff must prove by a preponderance of the evidence that Eriksen was personally involved in the conduct that Plaintiff complains about." This argument fails to take into account, however, that the jury *did* find in favor of *Plaintiff* on this claim. And implicit in the finding of liability is the jury's belief that Plaintiff showed by a preponderance of the evidence that

Defendant *did* use unreasonable force against him. To be sure, the jury was instructed to consider the question of damages only if it found that Plaintiff proved Defendant's personal involvement. The jury found liability and considered damages, though it ultimately decided against awarding any.

Nevertheless, the Court evaluates the issue pursuant to the guidelines articulated in *Graham*. Initially, the Court addresses whether the supplemental instruction fairly and adequately treated the issue. The jury sought clarification on the claim of excessive force. Consequently, the Court provided the jury with a part of the pattern jury instruction that had not theretofore been presented – that Defendant was not responsible for the actions of others. This is a correct statement of the law. Indeed, it is a part of a jury instruction propounded by the Seventh Circuit. The Court also specifically answered the jury's question. Consequently, the Court is not persuaded that the supplemental instruction was improper, especially when viewed in the context of the entire set of instructions provided to the jury. *See, United States v. Johnson*, 605 F.2d 1025, 1027 (7th Cir. 1979)(holding that all instructions are to be considered as a whole when determining the propriety of any given instruction). Additionally, the jury found in favor of Plaintiff on the claim that he now challenges. Consequently, he is not entitled to a new trial on this ground.

### C. Evidence of Prior Domestic Disturbance Occurrences

Plaintiff states that the Court improperly allowed evidence of other domestic disturbance occurrences. However, he fails to set forth any arguments, new or otherwise, in support of his claim. The Court presumes that he has chosen to rest, instead, on arguments set forth in Plaintiff's Motion In Limine to Bar Evidence Relating to Incidents, Other than the One Giving Rise to this Case. As Plaintiff presented neither new grounds on which to evaluate this claim, nor argument as to why the Court's prior decision was in error, the Court will not discuss the issue further here. Rather, the prior ruling on this motion in limine stands. Consequently, Plaintiff is not entitled to a new trial on this ground.

## II. Defendant's Motion to Alter the Jury's Verdict

Pursuant to Federal Rules of Civil Procedure 50(a) and 59(e), Defendant argues that the jury's verdict that he is liable for excessive force should be altered. Specifically, he claims that by awarding zero dollars in damages, the jury failed to find injury – an essential element of the claim. Consequently, he asks the Court to enter judgment that he is not liable on the excessive force claim.

### A. Federal Rule of Civil Procedure 50(a)

Defendant first argues that he is entitled to judgment in his favor, pursuant to Federal Rule of Civil Procedure 50(a).

Rule 50(a) requires that a motion for judgment as a matter of law be made prior to the time that the case is submitted to the jury. Fed. R. Civ. P. 50. Only then can the motion be renewed in post trial submissions to a court. *Id.* Further, the Seventh Circuit has held that the 50(b) post-trial renewed motion is proper only with respect to those issues preserved for review by a 50(a) motion. *See, e.g., Zelinski v. Columbia 300, Inc.*, 335 F.3d 633, 638-39 (7th Cir. 2003)(finding that the defendant waived his right to review of his acquiescence claim because it failed to move for directed verdict on this issue, but allowed review of its abandonment claim because it had been preserved for review).

The Court can dispose of Defendant's argument in short order. Though Plaintiff moved for judgment as a matter of law on the issue of malicious prosecution, discussed *supra*, he failed to do so on the claim of excessive force. In failing to preserve the issue, he has waived review of the excessive force claim under Rule 50(a). Consequently, the Court declines to alter the jury's verdict pursuant to this Rule.

### B. *Federal Rule of Civil Procedure 59(e)*

Defendant next argues that Federal Rule of Civil Procedure 59(e) requires that the jury's verdict be altered.

An allegation of excessive force during arrest is cognizable under 42 U.S.C. § 1983. To state a claim pursuant to § 1983, the

plaintiff must allege that: "(1) the alleged conduct was committed by a person acting under color of state law; and (2) the activity deprived a person of rights, privileges, or immunities secured by the Constitution of laws of the United States." *Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003).

In finding Defendant liable for excessive force, the jury is presumed to have found both elements. Defendant argues that Defendant should not be found liable for excessive force because implicit in the jury's award of zero dollars for both compensatory and punitive damages, is their failure to find injury, an essential element of the claim. Defendant's argument is not well taken. As an initial matter, the Seventh Circuit has held that "excessive force does not require injury." *Meyer v. Robinson*, 992 F.2d 734, 739 (7th Cir. 1993)(citing *Lester v. City of Chicago*, 830 F.2d 706 (7th Cir. 1987)). Additionally, it is not uncommon for a jury to decline to award compensatory and punitive damages, choosing instead to award the plaintiff nominal damages. *See, e.g., Briggs v. Marshall*, 93 F.3d 355 (7th Cir. 1996)(jury awarded nominal damages of $1 but failed to award compensatory or punitive damages). In the case at bar, however, the instructions provided to the jury did not provide instruction on the awarding of nominal damages. Therefore, that the jury decided against awarding compensatory and punitive damages and was unaware of their ability to award nominal damages cannot now

be used as grounds for altering the verdict. The jury was entitled to award Plaintiff the amount it deemed necessary to compensate him for his injuries. They explicitly found that amount to be zero dollars. Consequently, the Court finds no ground for disturbing the jury's verdict.

## Conclusion

For the reasons set forth above, both Plaintiff's and Defendant's motions are denied.

Date: December 30, 2009          E N T E R E D:

MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT