THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES J. ORLOWSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 07 C 4015 |
| ) | |
| v. ) | Magistrate Judge |
| ) | Arlander Keys |
| ) | |
| NEAL ERIKSEN, in his ) | |
| individual capacity, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Unopposed F.R.C.P. 60(b)(6) Motion for Entry of Order Stating Whether This Court Would Be Inclined to Grant the Defendant's Motion to Vacate Entry of Judgment and Jury Verdict Conditional to Settlement. Having balanced the equities, both public and private, associated with the instant motion, the Court now advises the United States Court of Appeals for the Seventh Circuit that it is inclined to grant the unopposed request as a condition of the parties' proposed settlement agreement. The basis for the Court's decision follows.

### Procedural Background

On July 17, 2007, James J. Orlowski filed suit alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983 and a state law malicious prosecution claim. A jury trial began on August 3, 2009. At the close of Plaintiff's case,

Defendant moved for judgment as a matter of law on the malicious prosecution claim; the Court granted the motion. Following a five-day trial, the jury returned a verdict on August 7 in favor of Defendant and against Plaintiff on the claim of false arrest. And while it found in Plaintiff's favor on the excessive force claim, it chose to award damages in the amount of zero dollars. The Court subsequently entered judgment.

Plaintiff moved for a new trail on August 20, 2009, and shortly thereafter, Defendant filed a motion to alter the jury's verdict. Both motions were denied by the Court on December 30, 2009. Cross appeals were then filed with the Seventh Circuit and later consolidated. On March 11, 2010, the parties engaged in appellate settlement negotiations pursuant to Rule 33 of the Federal Rules of Appellate Procedure. The Court was informed during a status hearing on May 26 that they had reached a preliminary settlement subject to, *inter alia*, the filing of the instant motion. A copy of the proposed Settlement Agreement was provided to the Court.

### Discussion

Defendant maintains that the balancing of equitable considerations warrants vacatur of the verdict and judgment at issue pursuant to Federal Rule of Civil Procedure 60.

Federal Rule of Civil Procedure 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal

representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). The Rule, particularly the aforementioned subsection, "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949). "A motion to vacate judgment under Rule 60(b) is addressed to the sound discretion of the district court," *Williams v. Hatcher*, 890 F.2d 993, 995 (7th Cir. 1989)(citations omitted), and may be granted even absent a showing of "exceptional circumstances." *Marseilles Hydro Power LLC v. Marseilles Land & Water Co.*, 481 F.3d 1002, 1004 (7th Cir. 2007).

The Court, in considering whether to vacate the jury verdict and resulting judgment, is guided by various equitable factors of justice and hardship generally contemplated by courts when determining whether equitable relief is appropriate. Specifically, the Court explores public interest and the interests of the private litigants.

A.  **Public Interest**

Both the Supreme Court and the Seventh Circuit have cautioned that the remedy of vacatur raises issues of public interest. *See United States Bancorp Mortg. Co. v. Bonner Mall P'Ship*, 513 U.S. 18, 26-7, 115 S. Ct. 386, 130 L. Ed. 2d 233

3

(1994)(citations omitted); *In re Memorial Hosp. of Iowa County, Inc.*, 862 F.2d 1299, 1302 (7th Cir. 1988). In particular, the Courts have considered the precedential and preclusive effects of the judgment at issue as well as the implications of the request for vacatur on judicial resources. When the effect on precedent is limited and when judicial resources are not squandered, however, courts have found that the remedy is appropriate. *See Gould v. Bowyer*, 11 F.3d 82 (7th Cir. 1993); *Mayes v. City of Hammond, Indiana*, 631 F. Supp. 2d 1082, 1094-95 (N.D. Ill. 2008).

In the instant case, the parties seek vacatur of the jury verdict and the resulting judgment – not any published (or unpublished) decisions or orders of this Court. Granting vacatur, therefore, would have no effect on the precedential value (if any)[1] of the Court's prior opinions in this case. Nor would it violate the Supreme Court's warning that "[j]udicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants . . . ." *Bonner Mall*, 513 U.S. at 26. Indeed, courts will remain free to refer to the opinions and cite to them as they see fit. Similarly, the fact that Defendant seeks to vacate the jury verdict does not counsel against vacatur as jury

---

[1] "A district court decision binds no judge in any other case, save to the extent that doctrines of preclusion (not stare decisis) apply. Its only significance is as information . . . ." *Gould*, 11 F.3d at 84.

4

verdicts themselves have no precedential value.

Granting the relief requested is also not likely to have any effect on litigants in other cases. A party relying on issue preclusion (collateral estoppel) must prove four elements:

> (1) the issue sought to be precluded must be the same as that involved in the prior litigation, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the final judgment, and (4) the party against who estoppel is invoked must be fully represented in the prior action.

*H-D Mich., Inc. v. Top Quality Serv.*, 496 F.3d 755, 760 (7th Cir. 2007)(citations omitted). Notwithstanding a showing of the requisite factors, a court enjoys broad discretion in determining when the doctrine is appropriate and should not do so in instances where its use would be unfair. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979).

Given the autonomous facts of this case, the likelihood that the jury verdict and judgment would have any preclusive effect in a case separate from this one is minimal. To be sure, Plaintiff did not allege that the violations at issue were a practice of Defendant's employer, rather, he claimed that Defendant was acting on his own. As a result, any potential litigation would have to be against Defendant or any of the other police officers present on the scene. But by entering into the Settlement Agreement, Plaintiff has agreed to release not only Defendant but those other officers as well.

Finally, the Court must consider the time consumed by the

Court and the jury in arriving at the verdict and judgment at issue. At least one court, albeit not in this circuit, denied a motion for vacatur in part because "considerable judicial resources . . . [had] already been expended in litigating the issue in [the] case, which resources would be expended for nought if vacatur were ordered." *Aetna Cas. & Sur. Co. v. Home Ins. Co.*, 882 F. Supp. 1355, 1358 (S.D.N.Y. 1995). Not only is it important that the time of the courts be considered and respected, but also that of the jury.

Neither judicial resources nor those of the jury will have been wasted if vacatur is allowed. Undoubtedly, all played a role in the parties arriving at an award that is substantially greater than that awarded by the jury. As a result of the guidance provided by the Seventh Circuit and this Court, and the jurors' attention and consideration during the five-day trial and subsequent deliberations, the parties reached an amicable settlement that imposes monetary responsibility on Defendant for liability found by the jury. And, as discussed *supra*, the Court's opinions will not be vacated and will, thus, be available to other courts and litigants for consult. The time spent researching and drafting the opinions, therefore, will not have been for nought.

Consequently, the public interest weighs in favor of granting vacatur.

## B. Private Interest

The Court must also consider circumstances unique to the litigants. After doing so, the Court finds that vacatur is appropriate. Plaintiff is in need of "immediate income." If the case proceeds to another trial after appeal, he likely would have to wait years to receive any recompense. Even then it is not guaranteed. Further, no one disputes that these are grim financial times that we face. Times to which municipalities, like individuals, are not immune. Indeed, Defendant's employer (the Village of Lombard) - the one fiscally responsible for the settlement - maintains that it is confronted with "declining financial revenues and increasing financial restraints." Vacatur would provide finality and ensure that Plaintiff will receive the agreed upon amount from the Village of Lombard and also make certain that the Village will not be liable for an even greater sum. These considerations further counsel in favor of granting the remedy.

## Conclusion

After considering both the public and private equities, the scale tips in favor of granting the request for vacatur of the jury verdict and judgment. Defendant's motion is, therefore, granted.

Date: June 10, 2010      E N T E R E D:

*[signature: Arlander Keys]*
MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT